and now insists that he had no list of the parties required to pay tax, or notice that an order for him to collect had been made. These facts are inconsistent with his action in making such a large collection, and constitute no defense. The court will presume that he knew of the order, and had the list of the parties charged with the tax, as he admits that he proceeded to collect the tax, and did, in fact, collect nearly one-half of it. That seems to have been paid over, and no doubt he collected more than was accounted for, as the evasive answer filed clearly indicates. No judgment was rendered by the court below for the amount of the taxes enjoined, or for the ten per cent. damages to which the appellees were entitled. The appellants were not entitled to a trial by jury, as the facts set forth in the answer constituted no defense.

It is not alleged in the answer that any of the taxpayers are insolvent, or that all of the tax could not have been collected. The parties, as is evident from the defense, are withholding all information as to the sheriff's action in the premises in order to evade the judgment. The appellants were not made to pay any damages, and ought not to have been allowed the commission.

Judgment *affirmed.*

*Harrison & Knott, for appellants. W. H. Hays, for appellees.*

---

## M. KEEBER *v.* MARY HENDERSON.

**Promissory Note—Collector.**

> A person having the possession of a promissory note for the purpose of collection, has no authority to make a contract on behalf of the owner to surrender it to another.

**Attorney at Law.**

> The mere possession of a note by an attorney at law does not import more than that he has authority to collect.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

December 2, 1875.

OPINION BY JUDGE COFER:

The paper executed by Anderson shows that the appellant then understood that he held the note for collection; and the appellant was bound to know that, having it for that purpose, he had no right to make any contract on behalf of the appellee to surrender the note

to him. And he seems then to have so understood the matter, because he took from Anderson an agreement to endeavor to raise the money to pay it over to the appellee.

He does not allege that he then supposed Anderson was the owner of the note; but says it was placed in his hands, and that Anderson "represented to him that he had full power, right and authority to collect, control, or dispose of it." He must, therefore, have known that the note did not belong to Anderson, and that he held it for the appellee. Knowing this fact, it was his duty to learn what authority Anderson had in the premises; and having trusted to his statement, he cannot now escape liability without showing that Anderson had the authority which he claimed.

If Anderson had claimed to be the owner of the note, and the appellant, trusting to that statement, had dealt with him in the manner in which he did, it may be that the appellee, having indorsed her name on the note, and thereby put it in Anderson's power to deceive him, the appellee would be compelled to look to Anderson. But as the appellant knew that the note did not belong to Anderson, he dealt with him at his peril. The mere possession of a note by an attorney at law does not import more than that he has authority to collect it; and if the obligor deals with him beyond the ordinary mode of making payment, he is in precisely the same situation as any other person dealing with an agent whose powers are limited.

Judgment *affirmed.*

*Vance & Merritt, for appellant. M. Yeaman, for appellee.*

---

ABE BOYD, ET AL., *v.* C. H. ADAMS, ET AL.

**Guardian and Ward—Rent of Real Estate.**

> When wards live with their mother it is legal for the guardian to permit the mother to rent out a building owned by the wards and apply the rents to the maintenance of the wards, and where she so applies the rents the wards cannot hold the guardian liable on account thereof.

APPEAL FROM McCRACKEN CIRCUIT COURT.

December 4, 1875.

OPINION BY JUDGE LINDSAY:

The proof is clear that the guardian authorized the brother of appellees to collect the rents that might accrue on their real estate,